HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTIN BREWER,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

CASE NO. C14-5057 RBL

ORDER ON MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff Brewer's Motion to Remand. She argues that the court does not have diversity jurisdiction because the amount in controversy does not exceed the jurisdictional requirement. She also claims the removal was not timely.

Defendant argues persuasively that the Notice of Removal was in fact timely. It also argues that the amount in controversy requirement is met, and that this Court must deny the Motion unless it appears "to a legal certainty" that the jurisdictional minimum cannot be met.

The latter point is not persuasive. It is instead clear in this Circuit that any doubts about the amount must be resolved against removal jurisdiction:

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the

1   burden of proof on a motion to remand to state court.  The removal statute is strictly construed

2   against removal jurisdiction.  The strong presumption against removal jurisdiction means that the

3   defendant always has the burden of establishing removal is proper.  *Conrad*, 994 F. Supp. at

4   1198.  It is obligated to do so by a preponderance of the evidence.   *Id.* at 1199; *see also Gaus v.*

5   *Miles*, 980 F.2d 564, 567 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any

6   doubt as to the right of removal in the first instance.  *Id.* at 566.

7          In any event, Defendant can meet even this more stringent standard.  It demonstrates that

8   the difference between the (lower) loan payments that Plaintiff seeks to enforce in this action and

9   the larger (pre-modification) loan amount that she claims Defendant is charging, over the life of

10  the loan (30 years), exceeds $134,000.  Plaintiff suggests that that is not the correct measure, as

11  she has the obligation to mitigate her damages (perhaps by re-financing).  But it is speculative

12  whether and when she will do so.

13         The Motion to Remand is DENIED.  The Court will not award any fees or costs.

14         Dated this 20th day of March, 2014.

                                        *[signature: Ronald B. Leighton]*

                                        RONALD B. LEIGHTON
                                        UNITED STATES DISTRICT JUDGE